IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MALYNDA McMURTRY, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case Number CIV-05-84-C |
| ) | |
| AETNA LIFE INSURANCE COMPANY, ) | |
| and NORMAN REGIONAL HOSPITAL ) | |
| AUTHORITY, a public trust, d/b/a ) | |
| NORMAN REGIONAL HOSPITAL, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION**

Plaintiff filed the present motion seeking reconsideration of the Court's September 13, 2006, Order which determined that the insurance plan in question was governed by the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001. et seq. ("ERISA").  Defendant Norman Regional Hospital Authority, a public trust, d/b/a Norman Regional Hospital ("NRH"), joins Plaintiff in her request for relief by adopting the arguments raised by Plaintiff.  Defendant Aetna Insurance Company ("Aetna") responds arguing the facts offered by Plaintiff are neither newly discovered nor sufficient to warrant alteration of the Court's Order.

Plaintiff's motion is brought pursuant to Fed. R. Civ. P. 59(e) and 60.  However, because it was filed within ten days of the Order, Tenth Circuit precedent dictates that it be considered as if brought pursuant to Rule 59.  See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991) ("If a motion is served within ten days of the rendition of

judgment, the motion ordinarily will fall under Rule 59(e)."). Because Plaintiff's motion purports to rely on newly discovered evidence, the Court's consideration of the motion is guided by Joseph v. Terminix International Co., 17 F.3d 1282 (10th Cir. 1994). In that case, the Circuit identified five factors to be considered:

> A party seeking a new trial on newly discovered evidence must show "(1) the evidence was newly discovered since the trial; (2) [the moving party] was diligent in discovering the new evidence; (3) the newly discovered evidence could not be merely cumulative or impeaching; (4) the newly discovered evidence [was] material; and (5) that a new trial, with the newly discovered evidence[, will] probably produce a different result."

Id. at 1285 (quoting Graham v. Wyeth Labs., 906 F.2d 1399, 1416 (10th Cir. 1990)).

Plaintiff's alleged "new evidence" is the affidavit of Melvin Alexander. According to Plaintiff, this affidavit was unavailable to her at the time her response to Aetna's summary judgment motion was filed and therefore should be considered as newly discovered. However, as Aetna notes, there is no evidence that Mr. Alexander was unavailable at the time Plaintiff's response was prepared. Indeed, Plaintiff's response contained affidavits from NRH's CEO and two other employees and excerpts from a deposition of NRH's attorney. Further, as the Court noted in its Order addressing the Motion to Intervene, there has been substantial cooperation between Plaintiff and NRH during this case, particularly in preparation for and in response to Aetna's Motion for Summary Judgment. In addition, Mr. Alexander's affidavit purports to provide new information on topics that were within the scope of Aetna's Fed. R. Civ. P. 30(b)(6) deposition notice to NRH. Thus, it cannot be said that Mr. Alexander's affidavit constitutes new evidence.

As for Plaintiff's diligence in obtaining the information, the Court finds Plaintiff lacking in that area as well. The factual and legal issues on which the Court relied in ruling in Aetna's favor should have been no surprise. Aetna's summary judgment motion raised the theory and relied on the same case law as that used by the Court. Further, it is clear that Aetna had raised its assertion at the very outset of the case that the plan was not a governmental plan and was therefore governed by ERISA. Even assuming that Plaintiff was surprised when she received Aetna's summary judgment motion, she never requested additional time to develop evidence to counter issues raised by Aetna. Thus, Plaintiff's argument that she was unaware of the need for the information contained in the affidavit until the Order was issued is unavailing.

Finally, the Court finds that consideration of the last two factors weighs against granting Plaintiff's Motion. Even assuming Mr. Alexander's affidavit was provided to the Court as part of Plaintiff's Response to the Motion for Summary Judgment, it would not have altered the Court's decision. While Mr. Alexander's affidavit provides some limited information on the relationship between NRH and the City of Norman, it fails to provide any meaningful additional evidence regarding any correlation between NRH employees and governmental employees or any information regarding the funding of the insurance plan. As the Court noted in the Order resolving the summary judgment motion, these facts are dispositive on the issue. Thus, it cannot be said that reconsideration of Plaintiff's Response

to Aetna's Motion for Summary Judgment with the benefit of Mr. Alexander's affidavit would produce a different result.[*]

For the reasons set forth herein, Plaintiff's Motion for New Trial (Dkt. No. 118) is DENIED.

IT IS SO ORDERED this 3rd day of November, 2006.

ROBIN J. CAUTHRON
United States District Judge

---

[*] Even were Plaintiff's motion construed as brought pursuant to Fed. R. Civ. P. 60, the result would not change. Plaintiff argues that Rule 60(b) permits correction where there has been a mistake, there is newly discovered evidence, or for any other reason justifying relief. As noted herein, the evidence on which Plaintiff relies is not newly discovered. Further, to the extent the Court erred in its analysis of the facts, Plaintiff has failed to demonstrate any error that necessitates correction of the previous Order. Finally, Plaintiff has failed to demonstrate any other basis justifying relief.