IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MALYNDA McMURTRY, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case Number CIV-05-84-C |
| | ) |
| AETNA LIFE INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed the present suit seeking damages for Defendant's alleged breach of contract and bad faith. Defendant responded arguing the insurance plan in questions was subject to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, et seq. ("ERISA"). On September 13, 2006, the undersigned entered an Order agreeing with Defendant's assertion and ruling that Plaintiff's claims against the insurance plan are governed by ERISA. Proposed Intervenors Norman Regional Hospital Authority, a public trust, d/b/a Norman Regional Hospital ("NRH-Authority"), and Norman Regional Hospital Long Term Disability Plan then filed a motion seeking to intervene. Proposed Intervenors argue that neither Plaintiff nor Defendant are adequately protecting their interests and therefore they should be permitted to intervene under Fed. R. Civ. P. 24.

Proposed Intervenors assert that if permitted to intervene, they will seek to interpose two claims: 1) a request for a declaratory judgment declaring that the insurance plan in question is a governmental plan and is not covered by ERISA; and 2) a request that the Court

hold the matter in abeyance pending an opinion letter from the United States Department of Labor regarding the insurance plan's status under ERISA.

To obtain intervention under Rule 24(a) an applicant must show:

(1) the application is "timely"; (2) "the applicant claims an interest relating to the property or transaction which is the subject of the action"; (3) the applicant's interest "may as a practical matter" be "impair[ed] or impede[d]"; and (4) "the applicant's interest is [not] adequately represented by existing parties."

Coal. of Ariz./N.M. Counties for Stable Econ. Growth v. Dep't of Interior, 100 F.3d 837, 840 (10th Cir. 1996) (quoting Fed. R. Civ. P. 24(a)).  Here, the application fails to satisfy these requirements.  First, the application is far from timely.  As Defendant notes, the Proposed Intervenors have been involved in this matter from its outset.  Indeed, Plaintiff named Norman Regional Hospital ("NRH") as a Defendant when this action was initiated.  NRH was dismissed on its motion after it argued it had been fraudulently joined.[1]  At that time, Defendant Aetna had argued Plaintiff's claims were governed by ERISA as it was on that basis that the matter was removed from state court.  Thus, from the outset the Proposed Intervenors were aware of Defendant's argument that the insurance plan was an ERISA plan.  Further, as the evidence provided by Defendant demonstrates, the Proposed Intervenors remained involved in this matter even after being dismissed.  Defendant deposed various corporate representatives of the Proposed Intervenors specifically seeking information to support its argument regarding the applicability of ERISA.  In addition, Defendant's Motion

---

[1] While NRH did seek remand to state court it did so based on its argument that the claims Plaintiff pursued against it were governed by Oklahoma's Governmental Tort Claims Act.

for Summary Judgment was served on counsel for the Proposed Intervenors, thereby insuring that they were fully aware of the issues raised by Defendant in support of its ERISA argument. Likewise, Plaintiff served her response to Defendant's summary judgment motion on counsel for the Proposed Intervenors, insuring they were aware of the sufficiency of her ability to respond to Defendant's motion. The summary judgment motion was pending for nearly 90 days, yet at no time during that period did the Proposed Intervenors offer any suggestion that Plaintiff had failed to adequately represent the issues or protect their interests.

As the Tenth Circuit has stated "[t]he trial court must determine timeliness in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances." Sanguine, Ltd. v. U.S. Dep't of Interior, 736 F.2d 1416, 1418 (10th Cir. 1984) (citations omitted). Absolute measures of timeliness are not appropriate and intervention should not be denied simply to punish a dilatory litigant. Utah Ass'n of Counties v. Clinton, 255 F.3d 1246, 1250 (10th Cir. 2001). Here, however, it is clear that the delay will prejudice Defendant and Plaintiff. If the Proposed Intervenors are permitted to file the proposed Complaint, the ultimate disposition of the case will be delayed. As it stands this matter is ready to proceed either by setting a Scheduling Order[2] or certifying the question to the Tenth Circuit for an interlocutory appeal. If intervention is permitted, the case will be delayed as the parties prepare a second round of briefing on an issue the Court

---

[2] Indeed, absent the Application to Intervene, a Scheduling Order would have been entered in this case at the October 5, 2006, Scheduling Conference.

has previously decided. As noted below, the Proposed Intervenors have offered no evidence in support of the present motion which would alter the Court's decision; thus, any such delay is unwarranted.

Even setting aside the timeliness issue, the Proposed Intervenors have failed to satisfy the final requirement of Rule 24. The Proposed Intervenors have the obligation to establish that their interest is not adequately represented by the current parties. In seeking to satisfy this element, the Proposed Intervenors spend a substantial portion of the time rearguing the very legal issues on which the Court's Order was based. Rather than demonstrating flaws or evidentiary shortcomings in Plaintiff's argument, the Proposed Intervenors simply attempt to argue the same evidence in a different fashion. That position is inadequate to support intervention. See Kiamichi R. Co., Inc. v. Nat'l Mediation Bd., 986 F.2d 1341, 1345 (10th Cir. 1993) (holding that merely being able to make a better argument was insufficient to demonstrate that present party was not adequately representing interests so as to warrant intervention). Further, it is clear that the interests of Plaintiff and the Proposed Intervenors are aligned, as both parties seek a determination that the insurance plan in question is not governed by ERISA. The Tenth Circuit has held that where the interests of an applicant for intervention and a litigant are aligned, representation is presumptively adequate. See Bottoms v. Dresser Indus., Inc., 797 F.2d 869, 872 (10th Cir. 1986). The Proposed Intervenors have failed to offer any evidence to overcome this presumption. The only area in which the Proposed Intervenors could provide additional assistance is in offering additional evidence regarding the nature of the relationship of employees who are

participants in the plan to NRH and the methodology for funding the plan, as the Court's earlier Order noted these facts are decisive on the issue. However, the Proposed Intervenors have offered no meaningful evidence on these issues.[3] Further, as noted above, there has been and appears to be substantial cooperation between Plaintiff and the Proposed Intervenors, and clearly to the extent Plaintiff did not or does not have at her disposal access to necessary evidence to support her position, that evidence can be obtained without intervention of additional parties. Accordingly, the Proposed Intervenors have failed to demonstrate that the application for intervention was timely filed or that Plaintiff cannot adequately protect their position. For these reasons the Motion to Intervene will be denied.[4]

The Proposed Intervenors have also filed what is entitled a Supplemental and Amended Motion of the Application to Intervene in this Action. Therein, the Proposed Intervenors argue that they should be permitted to join the action pursuant to Fed. R. Civ. P. 19(a) or 19(b). The Proposed Intervenors argue they are indispensable parties and therefore must be added to the case. In support of this position, the Proposed Intervenors argue that under ERISA the suit must be maintained against the Plan and note that the plan documents designate Norman Regional Hospital as the Plan Administrator. Defendant argues that joinder is not necessary as the proper party is the entity that controls administration of the

---

[3] The Proposed Intervenors' argument on this issue is primarily focused on the employees' immunity under state tort claims and/or 42 U.S.C. § 1983 claims. However, as the Court made clear in the September 13, 2006, Order, tort liability issues are distinctly different from the ERISA issues. Thus, the argument is of no assistance to the Proposed Intervenors' position.

[4] For these same reasons the Proposed Intervenors' request for permissive intervention pursuant to Fed. R. Civ. P. 24(b) is denied.

plan. While Defendant's position has support in numerous other jurisdictions, it has been rejected by the Tenth Circuit. In <u>McKinsey v. Sentry Ins.</u>, 986 F.2d 401 (10th Cir. 1993), the circuit considered the scope of 29 U.S.C. § 1132(c) and 1002(16)(A), found they were not ambiguous, and therefore must be applied as written.[5] The Circuit then held that suits under ERISA must be brought against the plan administrator, not some other entity as other circuits had held. Here, the plan documents clearly identify Norman Regional Hospital as the Plan Administrator. <u>See</u> Dkt. No. 89, Exh. J-4. Thus, that entity is a proper party for joinder in this action.[6] Although Defendant argues that as a non-party Norman Regional cannot seek to join, Fed. R. Civ. P. 21 clearly gives the Court the power to add a necessary party.

As part of their request to intervene/join Norman Regional requests the Court stay further proceedings in this matter so that an opinion letter regarding the applicability of ERISA may be obtained. By separate Order the Court has certified this matter for immediate appeal pursuant to 28 U.S.C. § 1292(b). Accordingly, the Court finds a stay is moot at this time. In the event the Circuit declines to take the appeal, the request for stay, properly supported, may be renewed.

As set forth more fully herein, the Motion to Intervene (Dkt. No. 117) is GRANTED in part and DENIED in part. Neither Norman Regional Hospital Authority, a public trust,

---

[5] Although <u>McKinsey</u> was brought to pursuant to § 1132(c) rather than § 1132(a)(1)(B) as in this case, the Circuit's analysis of the non-ambiguous nature of the statute is controlling.

[6] The Proposed Intervenors's motion seeks to add Norman Regional Hospital Authority, a public trust, d/b/a and Norman Regional Hospital Long Term Disability Plan. Only Norman Regional Hospital Authority may be properly added as it is the entity identified as the Plan Administrator.

d/b/a Norman Regional Hospital, nor Norman Regional Hospital Long Term Disability Plan will be permitted to intervene in this matter. However, Norman Regional Hospital Authority will be joined as a Defendant. The Clerk is directed to amend the docket sheet to reflect this addition.

IT IS SO ORDERED this 3rd day of November, 2006.

ROBIN J. CAUTHRON
United States District Judge