IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MALYNDA McMURTRY, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case Number CIV-05-84-C |
| ) | |
| AETNA LIFE INSURANCE COMPANY, ) | |
| and NORMAN REGIONAL HOSPITAL ) | |
| AUTHORITY, a public trust, d/b/a ) | |
| NORMAN REGIONAL HOSPITAL, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

On September 13, 2006, the Court determined as a matter of law that the insurance plan in question in this action is subject to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, et seq.("ERISA").  In reaching this conclusion, the Court noted that the Tenth Circuit had not yet addressed the test to be applied in determining whether or not an insurance plan fell within the "governmental plan" exception as defined by 29 U.S.C. § 1002(32).  The Court then looked to the analytical process developed by the Seventh Circuit in Shannon v. Shannon, 965 F.2d 542 (7th Cir. 1992), and decided that process provided the proper framework for considering the issue. Ultimately the Court found that, based on the Shannon analysis and after consideration of the legislative history behind the "governmental plan" exception, the plan at issue in this case was an ERISA plan.  Of significance to the Court's decision was the funding mechanism for the plan and the fact that it did not have the protections inherent in a plan backed by a governmental entity.

Following issuance of the Order, Plaintiff filed a Motion for New Trial which has now been denied, as the "newly discovered evidence" was not new and in any event failed to persuade the Court its earlier reasoning was erroneous. Defendant Norman Regional Hospital Authority, a public trust, d/b/a Norman Regional Hospital ("NRH"), and Norman Regional Hospital Long Term Disability Plan sought leave to intervene or join. The Court denied the request to intervene but granted NRH's request to join after finding it was a proper party as the plan administrator. The Court also sought input from the parties on whether the matter should be certified for immediate appeal under 28 U.S.C. § 1292(b).[1] Plaintiff agreed that certification is appropriate and requested the Court do so. Defendant Aetna objected, arguing the issue does not meet the high standard for immediate appeal, that the matter is ready for prompt disposition in this Court, and that any appeal can then be had from the Court's final judgment. Defendant NRH also objects to certification, arguing that additional factual development is needed which can only be obtained following NRH's addition to the litigation.

---

[1] Although § 1292(b) reads as if the certification question must be made in the original order, the Tenth Circuit has made clear that a supplemental order approving certification can be made. See Houston Fearless Corp. v. Teter, 313 F.2d 91, 92 (10th Cir. 1962) ("Accordingly, the trial court had the power to supplement the original order to include the § 1292(b) statement. When it did so, the order became appealable and the appeal time ran from the entry of the supplemental order.").

Pursuant to 28 U.S.C. § 1292(b):

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[s], he shall so state in writing in such order.

In deciding whether an order is appropriate for immediate certification, the Court must resolve three questions. First, does the order involve a controlling question of law? Second are there substantial grounds for different opinions on that law? Third, will an immediate appeal materially advance the ultimate termination of the litigation? Here, the Court finds all three questions are satisfied.

The Court's research has failed to uncover a Tenth Circuit opinion addressing the issue of when a question involves a controlling question of law. Likewise, the parties have failed to note any precedential authority on the issue. Nevertheless, the Seventh Circuit has succinctly stated the standard. See Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc., 86 F.3d 656, 659 (7th Cir. 1996) ("A question of law may be deemed 'controlling' if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so."); see also Johnson v. Burken, 930 F.2d 1202, 1206 (7th Cir. 1991) ("'a growing number of decisions have accepted the rule that a question is controlling, even though its decision might not lead to reversal on appeal, if interlocutory reversal might save time for the district court, and time and expense for the litigants.'") (quoting 16 Charles A. Wright, Arthur R. Miller, Edward H. Cooper & Eugene Gressman, Federal Practice and

Procedure, § 3930 (1977)). Here, whether or not the insurance plan at issue is governed by ERISA satisfies these definitions of "controlling" on several fronts. If ERISA applies, Defendant NRH is a proper party, Plaintiff's claim will be limited to a claim for benefits due, the case will be tried to the Court rather than a jury and will hinge primarily, if not solely, on the administrative record. Further, Plaintiff's claims for extra-contractual damages are barred. On the other hand, if ERISA does not apply, Defendant NRH's status as a proper party is in question,[2] if NRH is not dismissed from the matter, the Court will lack subject matter jurisdiction as there will not be complete diversity, Plaintiff's claim will be governed by state contract law and her claim for extra-contractual benefits will survive. Plaintiff will be entitled to a jury trial and the evidentiary basis will be substantially broader. Thus, if this matter is not reviewed before trial, the parties and the Court will have spent substantial time and expense preparing and resolving a case potentially involving incorrect parties and applying incorrect law. Clearly, the applicability of ERISA is a "controlling issue."[3]

The second question asks whether there are substantial differences of opinion on the controlling law. The Court finds this question also satisfied. As the Court noted in the summary judgment Order, the question of which test to apply is one of first impression in this

---

[2] The only basis on which the Court found NRH should be joined was its status as plan administrator and the plain language of 29 U.S.C. § 1132(c) and 1002(16)(A) which require ERISA actions to be brought against the plan administrator.

[3] For the same reasons, resolution of the issue by immediate appeal will materially advance the ultimate termination of the litigation, thereby satisfying the third factor.

Circuit. While that fact in and of itself is insufficient to create a substantial question[4], it is a factor to consider in evaluating the relative strengths of the parties' positions. While the Court is persuaded that its decision on the issue is correct, it cannot be said that the grounds supporting the opposite conclusion are insubstantial. See Max Daetwyler Corp. v. Meyer, 575 F.Supp. 280, 283 (D.C. Pa. 1983). The extent to which the question must be in dispute is lessened in direct correlation to the importance of the issue in the case. See Wright & Miller, *supra*, at p. 422. As noted above, the applicability of ERISA is significant in this case and whether or not it applies will directly and substantially impact every aspect of the case. Accordingly, the substantiveness of the dispute need not be high. Finally, the Court notes that while there are factual questions intertwined within the question of law, there is little if any disagreement about the facts; rather the dispute hinges on what weight to give each fact. The determination of the amount of weight given to the facts is a function of what law applies. Further, to the extent there is a factual dispute it is centered on whether or not ERISA governs the plan and not on the ultimate merits of Plaintiff's claim. Thus, the second factor also weighs in favor of certification.

For the reasons noted above, the Court finds that the question of whether or not the insurance plan in question in this case is a governmental plan involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation.

---

[4] See 16 Wright, Miller & Cooper, Federal Practice and Procedure, § 3930 n.12 (1996).

Accordingly, the question is certified for immediate appeal to the Tenth Circuit pursuant to 28 U.S.C. § 1292(b). The Court's September 13, 2006, Order is to be deemed supplemented by this Order.[5]

IT IS SO ORDERED this 3rd day of November, 2006.

ROBIN J. CAUTHRON
United States District Judge

---

[5] The parties are reminded that if they wish to pursue the matter in the Circuit, an application for permission to appeal must be filed with Circuit Clerk within 10 days of this Order. See Crystal Clear Communications, Inc. v. Southwestern Bell Tel. Co., 415 F.3d 1171 (10th Cir. 2005).